**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MIMOSHA DANTE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-3038-MSN-atc** |
| | ) | |
| **KATORI HALL, STARZ ENTERTAINMENT, LLC, and LIONS GATE ENTERTAINMENT CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION ON DEFENDANT STARZ ENTERTAINMENT, LLC'S MOTION TO DISMISS

Before the Court by order of reference[1] is Defendant Starz Entertainment, LLC's ("Starz") Motion to Dismiss, filed November 20, 2025. (ECF No. 15.) Though *pro se* Plaintiff Mimosha Dante Johnson initially failed to timely respond to the Motion, necessitating two Orders to Show Cause (ECF Nos. 17, 18), Johnson ultimately responded on March 3, 2026. (ECF No. 19.) Starz filed a Reply on March 16, 2026. (ECF No. 20.)

For the reasons outlined below, it is recommended that Starz's Motion to Dismiss be granted and this case be dismissed in its entirety.

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation.

**PROPOSED FINDINGS OF FACT**

Johnson originally filed her Complaint in Shelby County Circuit Court,[2] alleging various claims arising from Defendants' television series "P-Valley," which Johnson claims "directly appropriated" her autobiography entitled "Pussy Valley." (ECF No. 1-1, at 5.) According to Johnson, her autobiography recounts "her life as an exotic dancer, including her upbringing in the Graves Manor Projects in Memphis, Tennessee, colloquially know as 'Pussy Valley.'" (*Id.* at 4.) She allegedly "shared and discussed" her autobiography with Defendant Katori Hall, who, "in collaboration with Defendants Starz Entertainment and Lions Gate Entertainment, developed and produced the television series 'P-Valley.'" (*Id.*) Johnson contends that "Defendants have profited substantially from the unauthorized use of her life story and intellectual property." (*Id.*) She brings causes of action for misappropriation of likeness, right of publicity, invasion of privacy based on appropriation, false-light invasion of privacy, unjust enrichment, conversion/theft of intellectual property, and defamation. (*Id.*) She seeks compensatory damages in the amount of $10,000,000, punitive damages, and "injunctive relief preventing further distribution of the infringing material without proper credit and compensation." (*Id.*)

Starz's Motion asserts that Johnson's claims of misappropriation of likeness, common law right of publicity, and conversion/theft of intellectual property are subject to dismissal "because they are not recognized causes of action in Tennessee and therefore cannot state a cognizable claim for relief." (ECF No. 15-1, at 4.) Starz further argues that Johnson's claims of right of publicity, false light invasion of privacy, invasion of privacy based on appropriation, defamation, and unjust enrichment are time-barred, preempted by the Copyright Act, or

[2] Starz removed this matter to the Western District of Tennessee on November 13, 2025. (ECF No. 1.)

implausible. (*Id.* at 3.) In Johnson's Response, she accuses Defendants of "mischaracterizing [her] allegations, misstating Tennessee law, and applying an improperly narrow interpretation of federal pleading standards." (ECF No. 19, at 2–3.)

## PROPOSED CONCLUSIONS OF LAW

### I. Rule 12(b)(6)[3]

To determine whether Johnson's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

[3] Because a motion to dismiss under Rule 12(b)(6) is generally "an inappropriate vehicle for dismissing a claim based upon a statute of limitations," *Partee v. Bank of Am., N.A.*, No. 2:17-cv-02415, 2017 WL 6811996, at *3 (W.D. Tenn. Nov. 14, 2017) (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)), and because Johnson's claims are subject to dismissal on other grounds, the Court declines to address Starz's statute-of-limitations arguments.

complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v.*

*Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## II. Claims that are Not Cognizable Under Tennessee Law

Starz first alleges that Johnson's claims for misappropriation of likeness, common law right of publicity, and conversion of theft/intellectual property are not recognized causes of action in Tennessee and are therefore subject to dismissal. (ECF No. 15-1, at 3.) Starz is correct that Tennessee law does not recognize a standalone claim for misappropriation of likeness. *McKee v. Meltech, Inc.*, No. 10-2730, 2011 WL 1770461, at *11 (W.D. Tenn. May 9, 2011) ("Under Tennessee law, there is no independent cause of action for appropriation of another person's name or likeness."). Instead, in Tennessee, "the appropriation of another person's name or likeness is one of four distinct categories of claims for invasion of privacy." *Id.* Because Johnson also asserts an invasion-of-privacy claim based on appropriation, discussed below, it is recommended that her standalone claim for misappropriation of likeness be dismissed.

Starz is also correct that "Tennessee law does not recognize a cause of action for the conversion of intellectual or intangible property." *Knox Trailers, Inc. v. Maples*, 581 F. Supp. 3d 1000, 1017 (E.D. Tenn. 2022) (citing *Wachter, Inc. v. Cabling Innovations, LLC*, 387 F. Supp. 3d 830, 848 (M.D. Tenn. 2019)). As such, Johnson's conversion/theft-of-intellectual-property claim should be dismissed.

Finally, Johnson's common-law right-of-publicity claim should also be dismissed because "Tennessee courts have never recognized any such right." *Marshall v. ESPN*, 668 F. App'x 155, 157 (6th Cir. 2016). However, Tennessee has codified a statutory right of publicity through the Tennessee Personal Rights Protection Act "(TPRPA"). Though the Complaint does not expressly invoke the TPRPA, Johnson identifies a "[s]tatutory right of publicity under the

[TPRPA]" in her Response. (ECF No. 19, at 3.) Accordingly, to the extent Johnson asserts a common-law right-of-publicity claim, that claim is not cognizable under Tennessee law and should be dismissed. To the extent Johnson instead seeks to assert a statutory claim under the TPRPA, that claim is discussed below.

## III. Claims Barred by the Copyright Act

Starz next alleges that Johnson's TPRPA and unjust-enrichment claims are preempted by the Copyright Act.[4] (ECF No. 15-1, at 7.) The Copyright Right Act preempts state-law claims that share two qualities. "First, the claim must involve a work within the 'subject matter of copyright.'" *Wright v. Penguin Random House*, 783 F. App'x 578, 582 (6th Cir. 2019) (quoting *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453–54 (6th Cir. 2001)). Second, "the underlying state-law claim must also be equivalent of one of the exclusive rights within the scope of federal copyright protection." *Id.* (citing *Stromback v. New Line Cinema*, 384 F.3d 283, 300–01 (6th Cir. 2004)).

### A. Subject-Matter Requirement

"The subject matter requirement of § 301 'is satisfied if a work fits within the general subject matter of § 102 and 103 of the Copyright Act, regardless of whether it qualifies for copyright protection.'" *Stanford v. Caesars Ent., Inc.*, 430 F. Supp. 2d 749, 755 (W.D. Tenn. 2006) (citing *Stromback*, 384 F.3d at 300). Section 102 states that "[c]opyright protection

[4] Starz makes this argument as to Johnson's claims of misappropriation of likeness and conversion as well, but, as discussed above, those claims are subject to dismissal for other reasons.

subsists . . . in original works of authorship fixed in any tangible medium," including "literary works." *Id.* (citing 17 U.S.C. § 102(a)).

The subject-matter requirement for preemption is satisfied in this case because the Complaint concerns Johnson's "original autobiography recounting her life" that she claims she authored. (ECF No. 1-1, at 4.) The autobiography thus qualifies as a literary work that "falls within the range of materials protected by the Copyright Act." *Wright*, 783 F. App'x at 582 (citing 17 U.S.C. § 102(a); *Stromback*, 384 F.3d at 300–01). Though Johnson alleges that "[i]dentity, likeness, life story, and personal experiences are not copyrightable" (ECF No. 19, at 5), this argument ignores the fact that the copyrightable work in question is the autobiography itself rather than Johnson's "life story." *See id.* (finding that the plaintiff's memoir fell within the range of materials protected by the Copyright Act despite the plaintiff's argument that her memoir merely articulated "ideas"). The subject-matter requirement is therefore satisfied.

B. Equivalency

The Sixth Circuit applies a "functional test" to determine equivalency, which "asks whether the state claim seeks to protect rights similarly protected by the Copyright Act." *Id.* (citing *Stromback*, 384 F.3d at 301). In other words, the tests asks "whether the conduct that allegedly violated the right at the core of the state-law claim is also conduct that infringes on a right protected by the Copyright Act." *Id.* "The state law right at issue is equivalent to any of the exclusive rights under § 106 if 'the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights.'" *Stanford*, 430 F. Supp. 2d at 758 (quoting *Stromback*, 384 F.3d at 301). "Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element

changes the nature of the action that it is qualitatively different from a copyright infringement claim." *Id.*

The equivalency test is also satisfied here. As Starz correctly asserts, these claims are based on allegations that Starz "misappropriated [Johnson's] identity, life story, and creative expression for commercial gain without consent" and "profit[ed] from [her] life story without compensation." (ECF No. 1-1, at 5.) Based on these allegations, each cause of action depends on Starz's alleged use of Johnson's original autobiography without her permission or without compensation. "As unauthorized publication is a core and exclusive right safeguarded by the Copyright Act," the Court agrees that Johnson's statutory right-of-publicity and unjust-enrichment claims are preempted by the Copyright Act. *Wright*, 783 F. App'x at 584 (dismissing the plaintiff's claims for tortious interference, commercial misappropriation, and publicity as preempted by the Copyright Act). Though Johnson contends that "[c]ourts routinely hold that right-of-publicity and privacy claims based on personal identity are not preempted" (ECF No. 19, at 5), she cites no authority supporting that proposition, and the Court has found none. Therefore, it is recommended that the statutory right-of-publicity and unjust-enrichment claims be dismissed as preempted by the Copyright Act.

## IV. Implausible Claims

### A. Invasion of Privacy

#### *i. Appropriation*

Starz contends that Johnson's invasion-of-privacy claim based on appropriation is subject to dismissal because she "fails to allege facts supporting the basic elements of the claim." (ECF No. 15-1, at 9.) Johnson's Response does not directly address Starz's argument and merely recounts the facts as alleged in the Complaint. (*See* ECF No. 19, at 5–6.) "[A]ppropriation of

one's name or likeness may form the basis of a claim for invasion of privacy under Tennessee law." *McKee*, 2011 WL 1770461, at *11. A plaintiff may only sustain a claim of invasion of privacy based on appropriation "if the defendants' conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities." *Id.*

Johnson has failed to allege any facts sufficient to sustain an invasion-of-privacy claim based on appropriation. Specifically, she does not allege that Defendants' conduct was offensive to persons of ordinary sensibilities. In fact, she does not allege that Defendants' conduct was offensive at all. She merely accuses Defendants of appropriating her "autobiography and life story." (ECF No. 1-1, at 4.) As such, Johnson has failed to state a claim of invasion of privacy based on appropriation. It is therefore recommended that the claim be dismissed.

*ii. False Light*

Starz similarly asserts that Johnson has failed to state a claim for false-light invasion of privacy. Under Tennessee law, a claim for false-light invasion of privacy requires: "(1) publicity, (2) that places the plaintiff in a false light, (3) that is 'highly offensive to a reasonable person,' and (4) that the defendant knew of or acted with reckless disregard to the 'falsity of the publicized matter and the false light in which the other would be placed.'" *Clayton v. Hogan*, 753 F. Supp. 3d 629, 637–38 (M.D. Tenn. 2024) (quoting *Seaton v. Tripadvisor LLC*, 728 F.3d 592, 601 (6th Cir. 2013)).

Johnson has only satisfied the second element necessary to sustain a claim for false-light invasion of privacy. She does not set forth any allegations to suggest that her purported depiction in "P-Valley" would be highly offensive to a reasonable person, nor does she allege that Defendants knew of or acted with reckless disregard as to the "falsity of the publicized matter and the false light in which the other would be placed." *Id.* Merely asserting that

Defendants "placed [her] in a false light" (ECF No. 1-1, at 5) is insufficient to state a plausible claim for relief. Because Johnson fails to allege facts to support a false-light invasion of privacy claim, it is recommended that the claim be dismissed.

B. Defamation

"To state a defamation claim under Tennessee law, a plaintiff must allege that '(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.'" *Clayton*, F. Supp. 3d at 637 (quoting *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)). "The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994) (citing *Little Stores v. Isenberg*, 172 S.W.2d 13, 16 (Tenn. 1943)).

Johnson has also failed to state a claim of defamation. As Starz correctly notes, "she does not claim (or support with plausibly alleged facts) that the alleged depiction of her in *P-Valley* is provably false or how it is false; and she does not allege that (or how) the series damages her reputation." (ECF No. 15-1, at 11.) Johnson asserts a defamation claim only "[t]o the extent Defendants' portrayal of [her] life contain false statements or implications." (ECF No. 1-1, at 5.) This conditional allegation fails to identify any specific false statement or defamatory implication attributable to Defendants and therefore does not state a plausible defamation claim. The defamation claim should therefore be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Starz's Motion to Dismiss be granted and this matter be dismissed in its entirety.

Respectfully submitted this 30th day of July, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE